Judge: Marc Barreca
Chapter: 13
Hearing Location: Marysville
Hearing Date: 10-10-18
Hearing Time: 9:00 a.m.
Response Date: 10-3-18

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

RANDY P. SANDERS,

                Debtor

Case No:    15-15243-MLB

RANDY P. SANDERS,

                Plaintiff

vs.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

                Defendant

Adv. Proc No:    16-01204-MLB

REPLY TO SUMMARY
JUDGMENT RESPONSE

COMES NOW AllianceOne Receivables Management, Inc. ("ARMI") and replies to

the response by plaintiff Randy Sanders ("Sanders") to ARMI's motion for summary judgment.

Reply - 1

**JAMES E. DICKMEYER, PC**
121 Third Avenue  PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

Case 16-01204-MLB   Doc 93   Filed 10/05/18   Ent. 10/05/18 16:37:31   Pg. 1 of 7

Sanders' reply presents no genuine issues of material fact. The motion should be granted, the second amended complaint should be dismissed and the proofs of claim should be allowed as filed.

The reply appears to contest the $43 Municipal Court conviction fee. This court in its Memorandum Decision ruled the conviction fee is part of the nondischargeable LFO. Sanders appears to be using the summary judgment response as an end around a motion for reconsideration on this issue, an impermissible tactic that should not be condoned.

The "puzzling questions" Sanders refers are not only an improper method to create factual issues but they in fact are answered by reviewing the evidentiary materials ARMI filed in support of its summary judgment motion and elsewhere in the record. The initial amounts are set forth in the docket, the judgment and other court records. The date the charges were incurred and added are specified in the court clerks' declarations, the court records and the Bolden declaration filed September 11, 2018. When interest begins to accrue is a matter of statute as this court noted in its Memorandum Decision. The collection fees and collection percentage are likewise authorized by statute and imposed by the court pursuant to its contract with ARMI (which were included as exhibits to Sanders' own motion for summary judgment) before assignment for collection is made.

Consideration of the questions Sanders poses must also keep in mind Sanders did not depose any ARMI employees, did not depose any personnel from the three courts he is indebted to and Sanders received substantial document production from ARMI very early on. ARMI bears the burden of persuasion of the accuracy of the amounts claimed due. The declarations, dockets, spreadsheets, contracts and other documents now comprising the record establish that

**JAMES E. DICKMEYER, PC**
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

the amounts stated in the proofs of claim are accurate. The burden then shifts to Sanders to demonstrate the existence of a genuine issue of material fact. Sanders' response fails to do so.

The foregoing notwithstanding, ARMI will directly address the questions Sanders poses (ARMI's response is in bold):

3. Why can they not produce a spreadsheet indicating the following simple facts:

The date of each charge.

**Detailed list of date of each charge is already listed on the spreadsheets for each individual judgment attached to ARMI's second sworn declaration in this matter.**

The date interest began to run on each charge.

**In Superior Court, interest accrues on each amount from the date the court determines that each respective amount is owing – RCW 4.56.110 – RCW 9.94A.030(31) - RCW 10.82.090 - RCW 19.52.020 In Municipal Court, interest begins to accrue from the date the judgment is referred for collection under RCW 35.20.220 - RCW 4.56.110 - RCW 19.52.020 In District Court, interest begins to accrue from the date the judgment is referred for collection under RCW 35.20.220 - RCW 4.56.110 - RCW 19.52.020**

What is the collection fee percentage?

**Rates are set forth in the contract between Whatcom County and ARMI (under RCW 36.18.190), and in the contract between the City of Bellingham and ARMI (under RCW 3.02.045) - In each of opposing counsel's two specific examples below, the statutory court cost percentage is 19%**

What is the amount upon which the collection fee percentage is calculated?

**In the two examples below:
Doc. 90-1 Pg. 13- A-2 Bellingham Municipal Court (Exhibit "A"):
$643.00 X 0.19 = $122.17**

Reply - 3

JAMES E. DICKMEYER, PC
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

Case 16-01204-MLB   Doc 93   Filed 10/05/18   Ent. 10/05/18 16:37:31   Pg. 3 of 7

**Doc 90-1 Pg. 33 K-2 Whatcom County Superior Court (Exhibit "B"):**

| | |
|---|---|
| **$1,400.00** | **judgment** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$1,747.37** | **assigned interest** |
| **$3,447.37** | **total** |

**$3,447.37 X 0.19 = $655.00 (here the court assessed a slightly lesser amount, $654.62)**

**Doc. 90-1 Pg. 13- A-2 Bellingham Municipal Court (Exhibit "A")**

1/12/2010 $643 – Is this the date of judgment from which interest is calculated?

**No - interest begins to accrue from the date the judgment is referred for collection under RCW 35.20.220 - RCW 4.56.110 - RCW 19.52.020 - here, interest began to accrue from 11/4/2014 (date of collection referral)**

There is the $122.17 charge. Is it a collection charge?

**Statutory court cost assessed and added by the court under RCW 3.02.045, and contract with ARMI:**
**$643.00 X 0.19 = $122.17**

On what amount is this calculated and what is the percentage charged?

**19% - See above**

There is interest on 6/15/15 of $54.84. Upon what principal amount is this interest calculated? From what date is this interest calculated and what is the ending date? The same questions apply to the 08/31/15 interest charge of $20.63.

**Interest accrues from 11/4/2014 on $765.17 (the sum of $643.00 plus $122.17) under RCW 35.20.220 - RCW 4.56.110 - RCW 19.52.020 Statutory interest accrues between 11/04/14 and 08/31/15 in the amount of $75.72 – (here the interest amount is slightly less, $75.47)**

**JAMES E. DICKMEYER, PC**
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

Reply - 4

**Doc 90-1 Pg. 33 K-2 Whatcom County Superior Court (Exhibit "B")**.

5/18/06 Principal $1,400. From what date did interest begin to run on this charge?

**Interest accrues from date of judgment (here, 05/18/06) under RCW 4.56.110 – RCW 9.94A.030(31) - RCW 10.82.090 - RCW 19.52.020**

How much interest accrued?

**Detailed list of date and amount of all interest is already listed on the spreadsheets for each individual judgment attached to ARMI's second sworn declaration in this matter.**

What are the interest charges on this amount in the Assigned interest of $1,747.37?

**Under the referenced statutes, the interest amount that accrued between 05/18/06 and 05/20/15 is $1776.54, as shown below (here the court referred a slightly lesser amount, $1747.37), with interest accruing on each amount from the date the court determines that each amount is owing:**

**Statutory interest between 05/18/06 and 05/20/15:**

| Date | Amount | Interest |
|---|---|---|
| 05/18/06 | $1,400.00 | $1,513.84 |
| 05/22/06 | $100.00 | $107.78 |
| 07/22/08 | $100.00 | $83.13 |
| 06/24/09 | <u>$100.00</u> | <u>$71.79</u> |
| | $1700.00 | $1776.54 |

5/22/06 Court cost: $100. Was interest charged on this amount?

**Yes – see above**

What was the date the interest began to run on this amount?

**05/22/06**

Was it added to the $1,400 for a total of $1,500 upon which interest ran?
**No, this court cost accrued interest from the day the court determined that it was owing,  05/22/06**

JAMES E. DICKMEYER, PC
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

Reply - 5

What part of the $1,747.37 assigned interest does the interest on this $100 represent, if any?

**See above**

07/22/08 court cost: $100.00: The same questions apply to it as those for the 5/22/06 court costs

**07/22/08 - this court cost accrued interest from the day the court determined that it was owing, 07/22/08**

and the 06/24/09 $100 court cost charge.

**06/24/09 - this court cost accrued interest from the day the court determined that it was owing, 06/24/09**

Upon what amount is the $654.62 court cost assessed and what is the percentage charged?

| | |
|---|---|
| **$1,400.00** | **judgment** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$100.00** | **RCW 9.94A.780(7)** |
| **$1,747.37** | **assigned interest** |
| **$3,447.37** | **total** |

**$3,447.37 X 0.19 = $655.00 (here the court assessed a slightly lesser amount, $654.62)**

Upon what amount is the $16.24 post- assignment interest calculated?

**$2354.62 (the sum of $1400.00 plus $100.00 plus $100.00 plus $100.00 plus $654.62)**

From what date did the post- assignment interest begin to run?

**5/20/2015 (date of collection referral)**

When did it end?

**8/31/2015**

**JAMES E. DICKMEYER, PC**
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324

Reply - 6

Sanders' observation of a potential constitutional issue should not preclude entry of summary judgment. This issue has not been properly pled or briefed and Sanders has cited no authority beyond a policy argument inspired by Charles Dickens why <u>Kelly v. Robinson</u>, 479 U.S. 36 (1986) should be overruled. Sanders can take his chances on the constitutional argument in a different forum at a different time. This proceeding, which originally addressed dischargeability and claim allowance, is not suitable for determining the constitutionality of Washington's criminal justice statutory framework for imposing and collecting fines and penalties. At a bare minimum, Sanders does not address the Rooker-Feldman doctrine or otherwise attempt to explain why he should be relieved of the financial burdens imposed by the State of Washington as a result of Sanders' extensive criminal violations.

WHEREFORE, ARMI respectfully requests the court grant its motion for summary judgment, dismiss the second amended complaint and allow the proofs of claim as filed.

DATED this 5th day of October, 2018

James E. Dickmeyer, PC


By  _/s/  James E. Dickmeyer_
   James E. Dickmeyer  WSBA #14318
   Attorney for Defendant

**JAMES E. DICKMEYER, PC**
121 Third Avenue   PO Box 908
Kirkland, Washington  98083-0908
(425) 889-2324